Mathews, J.
. . delivered the opinion of the court* This is a casein which the syndics of the Dukeylus, a bankrupt, intervene ⅛ a suit commenced by Mary M. Dumodtel against the syndic of Leboucher, another bankrupt. They claim a right to receive for the use of Dukeylus’ creditors, whom they pretend to represent, a debt of four thousand dollars, which, it is contended on their part was fraudulently transferred by Du-keylus to Mary M. Dumontel, by procuring Le-boucher to assume the payment of it to her, in violation of the just claims of said creditors.
Several bills of exceptions, taken by the counsel of Madame Dumontel, to opinions of the district court, given on points of law, in the course *467 of the trial of the cause, come up with the record and statement of facts, and are to be disposed of, before we examine the merits of the case.
East'n. District.
June 1816.
The exception which it is proper to notice first is, that taken to the opinion of the court, given in favor of the right of Trouart and Paillette, syndics of Dukeylus, to intervene in the suit.
It is admitted that the proceedings had in the case of Dukeylus, against his creditors, were exhibited, and shew that the persons claiming to intervene were, in the first instance, provisional syndics of the estate of said Dukeylus—that afterwards, at a meeting of the creditors, syndics were nominated, whose nomination has never been approval or confirmed by a court of competent jurisdiction: the proceedings of the creditors having never been homologated. It being admitted, by the counsel of the intervening party, that the functions of their clients, as provisional syndics, ceased on the nomination by the creditors to the trust of permanent syndics, it is necessary to inquire into the rights, powers and duties of those who hold and exercise the former description of trust. The correctness or error of the opinion of the court below, on this point, is therefore to be determined by the solution of the following question: can syn *468 dics, nominated by the creditors, proceed as legal administrators of the estate of an insolvent debtor, before the approbation and confirmation of their nomination? When nominated by the creditors of an insolvent, in case of a cessio bonorum, syndics are, under another denomination, the curatores, in such cases known to the Spanish law, whose nomination on the part of the creditors must be approved and confirmed by a court or judge of competent authority. The nomination is good, if made by a majority of the creditors, in amount, though it should not be in number; the judge ought to approve and confirm it, if he considers the persons fit for the trust, and there has been no fraud or collusion in the business.
Until the approbation and confirmation of the judge, we discover no power conferred by law on the administrator, no duty required of him. But, after the confirmation, he is considered in the double capacity of depository and curator ad bona, and his powers and duties are fully laid down and described. The inconvenience which may result from the want of some person to administer on the estate of the bankrupt between the period of the cession and the legal appointment of syndics is strongly pressed on the court by the counsel of Dukeylus’ syndics; *469 we do not perceive it, in the same dangerous light in which it appears to them: and, it we did, it is not for us to apply the remedy, as it appears to be a case unprovided for by law. Altho’ the authority of syndics is principally created by the appointment of the creditors, for whose interest they are bound to act, and is somewhat analogous to that of an agent or attorney, yet, we are of opinion that it is incomplete and will not warrant them in prosecuting actions for the benefit of those by whom they are nominated, without the approbation and confirmation of a competent tribunal.
It is further insisted on, by the counsel of the intervening party, that their want of capacity to prosecute their suit, ought to have been especially pleaded by Madame Dumontel, and that she cannot legally avail herself of their want of authority under the general denial in her answer.
On this, it may be observed that the law regulating the practice of our courts, in civil cases, requires the defendant to answer every material facts, stated in the petition, without evasion. A plaintiff claiming the interference of a court of justice, either to ensure his rights, or redress his wrongs, must allege and establish by legal *470 proof, all facts necessary to the support of his case, when they are denied by the defendant. It is a principle of law, that a person, who sues in right of another, is bound to shew his authority. The general denial, in the answer of Madame Dumontel, is sufficient to require of the appellees, to shew full power and authority to proceed in the suit, as syndics or administrators legally empowered. This they have not done. We are therefore of opinion that the district court erred in sustaining the petition of the intervening party: their appointment as syndics not having been confirmed by a competent tribunal.
Moreau for the plaintiffs, Depeyster for the intervening party.
In consequence of which, it is ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the petition of the intervening party be dismissed with costs: and it is further ordered, that the cause be remanded, for trial between the original parties, with instruction not to allow the syndics of Dukeylus to intervene in the cause, before their appointment as syndics, shall be regularly approved and confirmed.

Dmibioní, J. did not join in this opinion, being Leboucher’s syn-dic. ,